Deaderick, J.,
delivered the opinion of the court;
Defendant united with her husband in the execution of a mortgage upon a house and lot in Union City on the 4 th of February, 1871, to secure a note of $500.00 of that date, for money loaned to the husband.
The husband died, and the bill is filed to subject the house and lot to sale for the payment of $250.00 and interest, the balance due upon the note.
The acknowledgment of the makers of the mortgage is in the usual form, hut was taken before a notary public in Obion county, instead of the county court clerk.
And it is objected by defendant, that the statutes of our state do not confer such power upon a notary public. And if such power is conferred, to give the certificate validity, and authorize the registration of the instrument, that the clerk of the county court of the county in which the notary received his appointment shall certify to the official character of said notary on the instrument. No such certificate appears upon the .instrument.
Sections 2039, a, b, c, d, of the Code, being sections 1, 2, 8 and 4, of the act of 1870, ch. 71, do confer upon the notaries public in this state, the power to- take acknowl *473 edgments of all instruments required for registration, in the same manner and under tbe same, rules and regulations as given county court clerks by existing laws, and by this act, Code sec. 2039 a., the registration laws are so amended as to give the notaries public power to talc© acknowledgments in all cases comprehended in ch. 3, title 2, part 3, of the Code [Code (1858 and 1871), secs. 2030-2106; Code (M. & V.), secs. 2837-2930; Shannon’s Code, secs. 3697-3793], which includes, amongst others, instruments executed by husband and wife.
In taking such -acknowledgments, however, it is provided by sec. 2039 b, that “said notary public shall certify the same under his official seal, and that to further authenticate said instrument for registration, the county court clerk of the county wherein said notary received his appointment shall certify on the instrument as to the official character of said officer.”
The next section provides that 'the county court clerk shall have the same fees for said certificate as he is now allowed for taking acknowledgments, and makes it the duty of said clerk to collect and account for the state tax on such instruments in the same way as if the acknowledgment had been taken before him.
No such certificate of the county court clerk appears, but a certificate of the register that the instrument was filed for registration, and was registered, and that the register’s fees had been paid.
The certificate by the county court clerk, and to the official character of the notary is, however, only required for the purpose of authentication of the instrument for registration. As between the parties to the deed, when it has been duly executed and acknowledged in the mode prescribed by law, it is valid and binding without registration, and the notary’s attestation and certificate of his official acts, under his seal of office, are evidence that the acts certified to have been performed. Code, sec. 1799.
*474 In this view, conceding that the clerk’s certificate was necessary to tlie registration of the instrument, such registration was not essential to give it validity between the parties to it.
The demurrer to the bill was properly disallowed by the chancellor, and the cause will be remanded for answer and further proceedings.